**Jerome H. BEGUN, M.D., Plaintiff,**

v.

**STATE BOARD OF REGISTRATION FOR the HEALING ARTS, and State of Missouri, Defendants.**

**No. 81–49C(3).**

United States District Court, E. D. Missouri, E. D.

Jan. 5, 1982.

**956**

Jerome H. Begun, pro se.

David Brydon, Professional Corp., Jefferson City, Mo., for defendants.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on the motion of defendant State Board of Registration for the Healing Arts to dismiss and to quash summons and on plaintiff's motions for judgment on the pleadings.

Dr. Jerome Begun[1] filed this *pro se* action against the State of Missouri and its State Board of Registration for the Healing Arts (Board of Healing Arts), alleging violations of his civil rights. The essence of his complaint is that the Board denied him licensure as a physician because of his 1971 conviction for sales of narcotics and possession of unregistered weapons even though, according to plaintiff, he met "all state mandated criteria as to competence, and along with the necessary personal recommendations, as to character and ethical and moral qualifications and behavior." Plaintiff considers the refusal to license him to be part of defendants' conspiracy to discriminate against rehabilitated ex-felons. It appears that plaintiff is attempting to sue defendants directly under various constitutional provisions and under the Civil Rights Acts. He seeks damages and injunctive relief. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

Although only defendant Board of Healing Arts has moved to dismiss,[2] this action must be dismissed against both defendants for failure to state a claim upon which relief can be granted.[3] The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." It appears that plaintiff is not a citizen of Missouri. If so, the Eleventh Amendment applies by its terms. Should plaintiff be a citizen of Missouri, he is still barred from bringing this suit in federal court because the Eleventh Amendment has been consistently interpreted as meaning that an unconsenting state is immune from suits brought in federal court by the state's own citizens as well. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). The State of Missouri has not consented to waive its sovereign immunity. Mo.Rev.Stat. § 537.-600 (1978). The immunity provided by the Eleventh Amendment has not been abrogated by 42 U.S.C. § 1983, *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978), or by 42 U.S.C. § 1985, *An-Ti Chai v. Michigan Technological University,* 493 F.Supp. 1137, 1162 (W.D.Mich.1980). *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), cited by plaintiff, does not support plaintiff's position that the state is not immune where a plaintiff's civil rights are at stake. *Thiboutot* was a state court case and thus involved no Eleventh Amendment question. *Thiboutot, supra* at 2506 n. 7.

The immunity of a state extends to state agencies which are but arms of the state government. *Alabama v. Pugh, supra; An-Ti Chai, supra; Hoke v. Board of Medical Examiners,* 445 F.Supp. 1313 (W.D.N.C. 1978). The Board of Healing Arts is an arm of the state government of Missouri. *See* Reorganization Act of 1974, § 4, Rev. Stat.Mo. 1978 (Vol. 5, Appendix B). Therefore, it partakes of the state's immunity under the Eleventh Amendment.

For the reasons stated above, plaintiff's cause of action against both the State of Missouri and the Board of Healing Arts as an entity will be dismissed.

---

1. Dr. Begun has incorrectly styled himself as a relator for the United States.

2. The State of Missouri has neither answered nor filed a motion to dismiss.

3. A Court may dismiss a claim *sua sponte* for failure to state a claim upon which relief can be granted. 5 Wright & Miller § 1357.

It appears from the instructions given by plaintiff to the United States Marshal's Office regarding service of process that plaintiff intended to have the individual members of the Board of Healing Arts served individually as well as collectively. The Eleventh Amendment would bar the award of damages against these members in their official capacity, *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974), but it would not bar the claim for prospective equitable relief against these members in their official capacity, *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). However, only David Brydon, legal counsel for the Board, was served, he has stated in his motion to dismiss and quash summons that he is not authorized or empowered to accept service for the Board of its members. As the Court has no jurisdiction over these remaining defendants, it is unable to proceed with this case. Therefore, plaintiff's motions for judgment on the pleadings will not be considered, nor will defendant's contention that venue is proper only in the Western District of Missouri.