**Carol COHEN, Plaintiff,**

**v.**

**State of NEBRASKA, DEPARTMENT OF ADMINISTRATIVE SERVICES, DIVISION OF CENTRAL DATA PROCESSING; David Hattan, James Unverferth and George Gillespie; and Resource Support Associates, Inc.; Gerald Barton and Philip J. Rossi, Defendants.**

**No. 4:99CV3171.**

United States District Court, D. Nebraska.

Feb. 8, 2000.

---

Elaine A. Waggoner, Sean M. Reagan, Waggoner Law Firm, Lincoln, NE, for plaintiff.

Patrick J. Barrett, McGrath, North Law Firm, Omaha, NE, for defendants.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This is an action stemming from the termination of plaintiff Carol Cohen's employment after she took unpaid leave to care for her ailing father. Cohen brings claims under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654 (1999) ("FMLA"), 42 U.S.C. § 1983 (Supp. 1999), 42 U.S.C. § 1985 (1994), and the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* (1999) ("ERISA"), as well as state claims for breach of contract and tortious interference with a contractual relationship.

Pending before the court is a motion to dismiss (filing 49) filed by defendants State of Nebraska, Department of Administrative Services, Division of Central Data Processing ("State"); David Hattan; James Unverferth; and George Gillespie.

## BACKGROUND

Carol Cohen's amended complaint (filing 46) alleges that Cohen, a Nebraska resident, was an employee of Resource Support Associates, Inc., ("RSA") a Colorado corporation that contracted with the State of Nebraska ("State") to provide staff members to perform computer work for the State. The contract provided that RSA would supply computer specialists and experts to the State and that such individuals would be supervised by the State, but paid by RSA. (Filing 46, Amended Complaint ¶ 13.) Cohen alleges that defendants Hattan, Unverferth, and Gillespie were State employees who worked in the Division of Central Data Processing and who "exercised supervisory responsibilities in regard to plaintiff and carried out the terms and conditions of the contract between Defendant State and Defendant RSA." (*Id.* ¶¶ 7–9.)

Cohen brings an FMLA claim against the State and section 1983 and 1985 claims against defendants Hattan, Gillespie, and Unverferth, requesting monetary damages in the form of back and front pay, compensatory damages, and punitive damages, as well as attorney fees. Specifically, Cohen alleges that the State violated the FMLA when it terminated Cohen after she requested leave to care for her ailing father; that defendants Hattan and Gillespie violated her due process and equal protection

rights when her employment was terminated; that defendant Unverferth violated Cohen's due process and equal protection rights when he refused to accept her application to perform as an independent contractor for the State six months after she was terminated due to a change in unwritten State policy; and that Hattan, Gillespie, and Unverferth conspired to deprive Cohen of her due process and equal protection rights when they took the above actions.

■ Cohen's amended complaint contains no indication as to whether she sues the State defendants in their official or individual capacities. While Cohen's initial complaint (filing 1) explicitly stated the capacities in which the defendants were being sued, Cohen deleted all such references in her amended complaint. NELR 15.1 states that an amended pleading shall "supersede the pleading amended in all respects; no portion of the prior pleading may be incorporated into the proposed amended pleading by reference." Therefore, the complaint that is in effect is one that implicates the Eleventh Amendment and one that lacks a clear statement that state officials are being sued in their personal capacities. When faced with a complaint such as this, the Eighth Circuit Court of Appeals requires me to interpret the complaint as including only official-capacity claims. *Murphy v. State of Arkansas*, 127 F.3d 750, 754–55 (8th Cir. 1997) (absent clear statement that state officials were being sued in personal capacities, court will interpret complaint as raising only official-capacity claims, not only to provide notice to defendants, but because Eleventh Amendment presents jurisdictional limit on federal courts in civil rights cases against states and state employees;

stating that "[a]lthough other circuits have adopted a more lenient pleading rule, we believe that our rule is more consistent with the Supreme Court's Eleventh Amendment jurisprudence" (internal citation omitted)); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir.1989) (same); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619–20 (8th Cir.1995) (person wishing to sue state official in personal capacity must so specify in complaint; if complaint is silent regarding capacity in which plaintiff sues, court will interpret complaint as containing only official-capacity claims; "cryptic hint" in plaintiff's complaint regarding capacity not sufficient).

## DISCUSSION

### A. FMLA Claim Against State

■ The defendant State moves to dismiss Cohen's FMLA claim against it for the reason that this claim is barred by the doctrine of sovereign immunity. By virtue of the Eleventh Amendment [1], a state is immune from suits brought in federal court by its own citizens and by citizens of other states unless (1) the state has unequivocally waived its sovereign immunity and has consented to suit in federal court, or (2) Congress has unequivocally, by legislation, abrogated state immunity in order to effectuate the provisions of the Fourteenth Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 97–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Burk v. Beene*, 948 F.2d 489, 492– 494 (8th Cir.1991). The parties in this case agree that the State of Nebraska has not generally waived its sovereign immunity, nor has it explicitly waived its Eleventh

---

1. The Eleventh Amendment provides:
   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
   U.S. Const. amend. XI. While the Eleventh Amendment's express language does not bar

   suits against a state by its own citizens, the United States Supreme Court has consistently held that unconsenting states are immune from suits brought in federal court by the states' own citizens, as well as from suits brought by citizens of other states. *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

Amendment immunity with regard to FMLA cases brought against it.

■ Thus, the question in this case is whether Congress, in enacting the FMLA, unequivocally abrogated the states' immunity, a question which requires resolving two questions: (1) did Congress unequivocally express its intent to abrogate the states' immunity; and (2) if it did, whether Congress acted pursuant to a valid grant of constitutional authority. *Kimel v. Florida Bd. of Regents,* —— U.S. ——, 120 S.Ct. 631, 640, 145 L.Ed.2d 522 (2000) (citing *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 55, 116 S.Ct. 1114, 145 L.Ed.2d 252 (1996)). Both parties in this case agree that the FMLA expresses a clear intent to abrogate the states' sovereign immunity; however, they differ regarding whether Congress acted pursuant to a valid grant of constitutional authority when it enacted the FMLA.

The only circuit court and all of the district courts that have considered this issue since 1998 have concluded that Congress lacked the power to abrogate the states' immunity from suit under the FMLA. *Garrett v. University of Alabama at Birmingham Bd. of Trustees,* 193 F.3d 1214 (11th Cir.1999) (Congress lacked authority to abrogate sovereign immunity of states on claim arising under FMLA provision dealing with leave for employee due to employee's own serious health condition), *pet. for cert. filed,* No. 99–1240 (Jan. 24, 2000); *Kilvitis v. County of Luzerne,* 52 F.Supp.2d 403, 409 (M.D.Pa.1999) (assuming Congress evinced clear intention to abrogate Eleventh Amendment immunity, abrogation of such immunity for FMLA suits exceeded congressional authority; rather than attempting only to enforce

Equal Protection Clause in FMLA, Congress created statutory entitlement to 12 weeks of leave for eligible employees; "This is patently the sort of substantive legislation that exceeds the proper scope of Congress' authority under § 5."); *Sims v. University of Cincinnati,* 46 F.Supp.2d 736 (S.D.Ohio 1999) (Congress did not effectively abrogate states' immunity from suit under FMLA); *Post v. State,* 1998 WL 928677 (D.Kan. Dec.10, 1998) (Eleventh Amendment bars FMLA claims against state agencies); *Driesse v. Florida Bd. of Regents,* 26 F.Supp.2d 1328 (M.D.Fla.1998) (Congress failed both prongs of *Seminole Tribe* in enacting FMLA; FMLA not congruent and proportional to goal of preventing gender discrimination in workplace; by providing valuable economic benefit to employees, Congress enacted substantive legislation that exceeded its enforcement powers under section 5 of Fourteenth Amendment); *McGregor v. Goord,* 18 F.Supp.2d 204 (N.D.N.Y.1998) (Congress, in passing FMLA, failed to properly abrogate states' Eleventh Amendment immunity; rather than enforcing Equal Protection Clause, Congress attempted to define equal protection as 12 weeks of leave for eligible employees); *Thomson v. Ohio State Univ. Hosp.,* 5 F.Supp.2d 574, 580 (S.D.Ohio 1998) (same; noting that "the FMLA does not merely make it illegal for employers to treat requests for leave differently on the basis of gender, but instead mandates that employers provide employees with a new and valuable benefit").[2]

■ I have carefully examined each of the above decisions, as well as the abrogation analysis contained in recent decisions

---

2. *But see Jolliffe v. Mitchell,* 986 F.Supp. 339 (W.D.Va.1997) (concluding Congress had authority to abrogate states' sovereign immunity in FMLA based on statutory language only; court failed to apply "congruence and proportionality" test from *City of Boerne v. Flores,* 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997), in deciding whether FMLA was appropriate legislation under section 5 of the Fourteenth Amendment); *Biddlecome v. University of Texas,* 1997 WL 124220 (S.D.Tex.

Mar.13, 1997) (finding—based only on statutory language and legislative history of FMLA—that Congress had power to abrogate Eleventh Amendment immunity under Fourteenth Amendment in enacting FMLA); *Knussman v. State of Maryland,* 935 F.Supp. 659 (D.Md.1996) (addressing only first prong of *Seminole Tribe* and concluding that Congress unequivocally intended to subject states to suits by private citizens in federal court for FMLA violations).

by the United States Supreme Court and the Eighth Circuit Court of Appeals[3] as applied to other acts, and I conclude, for the reasons stated in the above cases, that Congress did not effectively abrogate the states' sovereign immunity from suit under the FMLA, and the Eleventh Amendment therefore bars Plaintiff's FMLA claim against the State. Accordingly, the State's motion to dismiss Plaintiff's FMLA claim against it must be granted.

### B.1983 and 1985 Claims Against Hattan, Gillespie, and Unverferth

As stated above, Cohen brings claims under 42 U.S.C. §§ 1983 and 1985 against defendants Hattan, Gillespie, and Unverferth, seeking monetary damages. These defendants move to dismiss Cohen's section 1983 and 1985 claims against them for the reason that such claims are barred by the doctrine of state sovereign immunity. I agree that Cohen's section 1983 claims for money damages against Hattan, Gillespie, and Unverferth acting in their official capacities are barred, "either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes." *Murphy*, 127 F.3d at

754 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).[4] Similarly, Cohen's claim for monetary damages under 42 U.S.C. § 1985 against these defendants in their official capacities is also barred. *See Begun v. State Bd. of Registration*, 531 F.Supp. 955, 956 (E.D.Mo.1982) (Eleventh Amendment immunity not abrogated by 42 U.S.C. § 1985), *appeal dismissed*, 691 F.2d 503 (8th Cir.1982) (table); *An–Ti Chai v. Michigan Tech. Univ.*, 493 F.Supp. 1137, 1162 (W.D.Mich.1980) (states immune from suits under section 1985).

> "[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."

*Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (quoting *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945)).

Because I am bound to construe Cohen's amended complaint as asserting only official-capacity claims against defendants

**3.** *Kimel*, —— U.S. at ——, 120 S.Ct. at 643–650 (ADEA not valid exercise of Congress' power under section 5 of the Fourteenth Amendment in light of indiscriminate scope of ADEA's substantive requirements and lack of evidence of widespread and unconstitutional age discrimination by the states); *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 119 S.Ct. 2199, 2205–2211, 144 L.Ed.2d 575 (1999) (Congress lacked power to abrogate state sovereign immunity in Patent and Plant Variety Protection Remedy Clarification Act); *Bradley v. Arkansas Dep't of Educ.*, 189 F.3d 745, 750–756 (8th Cir.1999) (IDEA and section 504 of Rehabilitation Act not appropriate exercises of Congress's power contained in section 5 of the Fourteenth Amendment; therefore, acts did not abrogate states' Eleventh Amendment immunity), *petition for reh'g en banc granted as to spending clause issue sub nom., Jim C. v. Arkansas Dep't of Educ.*, 197 F.3d 958 (8th Cir.1999); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005–1010 (8th Cir.1999) (extension of Title II of ADA to states not proper exercise of Congress's power under section 5 of Fourteenth Amendment; no valid abroga-

tion of states' Eleventh Amendment immunity from private suit in federal court), *cert. granted on abrogation issue*, —— U.S. ——, 120 S.Ct. 1003, 145 L.Ed.2d 947 (2000).

**4.** A state agent may be sued in his or her official capacity if the plaintiff seeks "injunctive or prospective relief for a legally cognizable claim." *Nix*, 879 F.2d at 432. *See also Campbell v. Arkansas Dep't of Correction*, 155 F.3d 950, 962 (8th Cir.1998); *Murphy*, 127 F.3d at 754; *Treleven v. University of Minnesota*, 73 F.3d 816, 819 (8th Cir.1996). While Cohen's request for front pay—which is viewed as an alternative equitable remedy to reinstatement—may literally be a request for prospective, equitable relief, "[f]or purposes of the eleventh amendment ... front pay is not analogous to the prospective relief permitted under *Ex parte Young* because it 'must be paid from public funds in the state treasury.'" *Campbell*, 155 F.3d at 962 (quoting *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). Thus, Cohen's request for front pay is also properly barred by the Eleventh Amendment.

Hattan, Gillespie, and Unverferth; because I have concluded that Cohen's section 1983 and 1985 claims against defendants Hattan, Gillespie, and Unverferth in their official capacities are barred by the Eleventh Amendment; and because Cohen's FMLA, ERISA, and state-law claims have not been asserted against these defendants, I shall dismiss defendants Hattan, Gillespie, and Unverferth from this case.

Accordingly,

IT IS ORDERED:

1. The motion to dismiss (filing 49) filed by the State of Nebraska, Department of Administrative Services, Division of Central Data Processing, as to Plaintiff's Family and Medical Leave Act claim is granted and the State is dismissed from this case.

2. The motion to dismiss (filing 49) filed by defendants Hattan, Gillespie, and Unverferth in their official capacities is granted and these defendants are dismissed from this case.