Donald I. COOLEY, Plaintiff,

v.

**MISSISSIPPI DEPARTMENT
OF TRANSPORTATION,**
Defendant.

No. CIV.A. 3:99CV799BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

May 17, 2000.

John M. Mooney, Jr., Law Offices of John M. Mooney, Jr., PLLC, Jackson, MS, for Donald I. Cooley, plaintiffs.

Tim Hancock, Office of the Attorney General, Mississppi Transportation Commission, Jackson, MS, for Mississippi Department of Transportation, defendants.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Defendant to Dismiss. In a March 2, 2000, Opinion and Order, the Court questioned whether it had jurisdiction to hear any of Plaintiff's claims under the Eleventh Amendment to the United States Constitution, especially in light of the recent United States Supreme Court decision of *Kimel v. Florida Board of Regents,* —— U.S. ——, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). The Court ordered the parties to brief the Eleventh Amendment immunity issue, and the parties have now done so. The Court has reviewed the briefs and finds that the Motion of Defendant to Dismiss should be granted.

### I. Background

Plaintiff filed suit on November 17, 1999, alleging causes of action for employment discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., 42 U.S.C. § 1981 and 42 U.S.C. § 1983.[1] Plaintiff also alleged state law causes of action, which have been dismissed on statute of limitations grounds to the extent that the causes of action accrued prior to November 17, 1998.

### II. Discussion

Plaintiff does not contest the assertion of Defendants that his claims under § 1981, § 1983 and the FMLA are barred by Eleventh Amendment immunity. *See Loya v. Texas Dept. of Corrections,* 878

---

1. In the March 2, 2000, Opinion and Order, the Court stated that Plaintiff had alleged a cause of action under Title VII of the Civil Rights Act of 1964. Apparently this was an error. The complaint does not cite Title VII and Plaintiff has raised no arguments regarding a Title VII claim.

F.2d 860, 861 (5th Cir.1989)(recognizing Eleventh Amendment immunity in a case brought under §§ 1981 and 1983); *Cohen v. Nebraska Dept. of Admin. Serv.*, 83 F.Supp.2d 1042, 1045 (D.Neb.2000)(noting that "[t]he only circuit court and all of the district courts that have considered [whether Congress effectively abrogated Eleventh Amendment immunity in the FMLA] since 1998 have concluded that Congress lacked the power to abrogate" the immunity as it attempted to do in the FMLA) (citations omitted); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)(holding that a suit against a state is not cognizable under § 1983 because a state is not a "person" for purposes of that statute). Therefore, the Court finds that Plaintiff confesses the Motion of Defendant to Dismiss as to his § 1981, § 1983 and FMLA claims.

The only issue remaining is whether Plaintiff's claim under the ADA is barred by the Eleventh Amendment. The Court finds that it is.

"[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damage action against a State [or one of its agencies] in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Defendant here has not waived its Eleventh Amendment immunity. The question, therefore, is whether Congress validly abrogated Eleventh Amendment immunity in the ADA.

■ In *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the United States Supreme Court established a two-pronged inquiry for determining whether Congress has validly abrogated Eleventh Amendment immunity: (1) whether Congress unequivocally expressed an intent to abrogate the states' Eleventh Amendment immunity, and (2) if so, whether it acted pursuant to a constitutional grant of authority.

■ Congress clearly intended to abrogate Eleventh Amendment immunity in the ADA. By incorporating the definition of "person" from 42 U.S.C. § 2000e, the ADA defines "employers," which are "covered entities," to include governmental entities. 42 U.S.C. § 12111(2), (5), and (7). Moreover, one of the "miscellaneous provisions" of the ADA, 42 U.S.C. § 12202, states that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal ... court ... for a violation of this chapter." A clearer statement of Congress' intent to abrogate Eleventh Amendment immunity does not exist. Therefore, the issue in this case is whether Congress acted pursuant to constitutional authority. The Court finds that it did not.

In *Kimel v. Florida Board of Regents*, —— U.S. ——, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), the United States Supreme Court was faced with a lawsuit under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. against an agency of the state of Florida. After recalling the two-step inquiry from *Seminole Tribe* and noting that the ADEA included express language abrogating the immunity of the states, the Court proceeded to an analysis of whether Congress had any constitutional authority for the abrogation. *Id.* at 640–42.

The Court noted that earlier cases had already established conclusively that Congress lacked power under the Commerce Clause of Article I of the Constitution to abrogate Eleventh Amendment immunity. *Id.* at 643. However, there was precedent which established that Section 5 of the Fourteenth Amendment gives Congress the power to abrogate Eleventh Amendment immunity. *Id.* at 644. That provision of the Constitution gives Congress the power to enforce the Fourteenth Amendment. *Id.*

The Court noted, however, that "the same language that serves as the basis for the affirmative grant of congressional power also serves to limit that power [,and] ... '[t]here must be a congruence and proportionality between the injury to be

prevented or remedied and the means adopted to that end.'" *Id.* (quoting *City of Boerne v. Flores,* 521 U.S. 507, 520, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997)). In applying the "congruence and proportionality" test, the Court noted that the substantive requirements of the ADEA were "disproportionate to any unconstitutional conduct that conceivably could be targeted by the Act." *Id.* at 645. The Court based this holding on the fact that the ADEA, as applied to the states, attempted to completely prohibit any discrimination against persons based on their age. *Id.* This conflicted with the Court's own equal protection jurisprudence, which had established that age is not a suspect classification and age-based classifications by states are not subject to any form of heightened review. *Id.* at 645–46. And, as the Court noted, "[t]he ultimate interpretation and determination of the Fourteenth Amendment's substantive meaning remains the province of the Judicial Branch." *Id.* at 644.

In other words, the constitution itself does not prohibit a state from discriminating against persons based on age, as long as there is some rational relationship between the unequal treatment and a legitimate governmental purpose. *Id.* at 646. Therefore, the Court held that the abrogation of Eleventh Amendment immunity in the ADEA was not an effort by Congress to enforce the Fourteenth Amendment, but was actually an attempt to define a new constitutional right, or at least expand an existing one, which is the exclusive province of the judicial branch. *Id.* at 647–48.

The Court recognized that Congress had the power to enact "reasonably prophylactic legislation" when it determines that there is a widespread pattern of unconstitutional conduct. *Id.* at 648. However, the Court found that Congress had no

"reason to believe that state and local governments were unconstitutionally discriminating against their employees on the basis of age." *Id.* at 649. For these reasons, the Supreme Court held that the ADEA was not a valid abrogation of the states' Eleventh Amendment immunity. *Id.* at 650.

The United States Supreme Court has not directly addressed the abrogation of immunity contained in the ADA in light of its ruling in *Kimel.*[2] Only two Circuit Courts of Appeals have addressed the issue since *Kimel.* In *Kilcullen v. New York State Dept. of Labor,* 205 F.3d 77 (2d Cir.2000), the United States Court of Appeals for the Second Circuit reaffirmed its own pre-*Kimel* holding that the ADA contains a valid congressional abrogation of Eleventh Amendment immunity. *See Muller v. Costello,* 187 F.3d 298 (2d Cir. 1999). The rationale for the holding in *Kilcullen* was apparently simply that the United States Supreme Court had not directly addressed the ADA issue. *Kilcullen,* 205 F.3d at 80.

The United States Court of Appeals for the Seventh Circuit has also addressed this issue in light of *Kimel. Erickson v. Board of Governors,* 207 F.3d 945 (7th Cir.2000). The Seventh Circuit first noted that, prior to *Kimel,* five courts of appeals, including the Fifth Circuit,[3] had found that the abrogation of Eleventh Amendment immunity in the ADA was a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. *Id.* at 948. The Seventh Circuit then noted that *Kimel* called all of those previous decisions into question. *Id.* Instead of relying on pre-*Kimel* precedent, the Seventh Circuit performed a fresh analysis of the issue in light of the holding from *Kimel.*

---

**2.** The Supreme Court did grant certiorari in two cases involving the abrogation of immunity in the ADA, but dismissed the petitions under Supreme Court Rule 46.1. *See Florida Dept. of Corrections v. Dickson,* —— U.S. ——, 120 S.Ct. 976, 145 L.Ed.2d 926 (2000), cert. dismissed —— U.S. ——, 120 S.Ct. 1236, 145

L.Ed.2d 1131; *Alsbrook v. Arkansas,* —— U.S. ——, 120 S.Ct. 1003, 145 L.Ed.2d 947 (2000), cert. dismissed —— U.S. ——, 120 S.Ct. 1265, —— L.Ed.2d ——.

**3.** *See Coolbaugh v. Louisiana,* 136 F.3d 430 (5th Cir.1998).

The court noted that disability-based classifications had never been suspect and were subject only to rational-basis review, as opposed to some heightened standard of review. *Id.* at 949 (citing *City of Cleburne, Tex. v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439–42, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985)). Therefore, the court reasoned, the constitution does not absolutely prohibit, and in fact allows, "[c]onsideration of an employee's disabilities . . . ." *Id.* The court stated that "no one believes that the Equal Protection Clause establishes the disparate-impact and mandatory-accommodation rules found in the ADA." *Id.* at 951. For these reasons, the court found that, under the analysis used in *Kimel,* the abrogation of immunity in the ADA was not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. *Id.* at 952.

This Court finds the reasoning of the Seventh Circuit in *Erickson* to be persuasive. Despite its contrary holding prior to *Kimel,* this Court predicts that, if faced with this issue again, the Fifth Circuit would follow reasoning similar to that of the Seventh Circuit and hold that states are immune from damages suits under the ADA. This Court finds accordingly, and therefore, the Motion of Defendant to Dismiss is granted as to the Plaintiff's ADA claim.

As a final note, the Court recognizes that it has granted the Motion of Defendant to Dismiss as to all of Plaintiff's claims except those state law claims which may have accrued subsequent to November 17, 1998. However, because there are no more federal law claims pending before the Court, and because those claims have been dismissed at such an early stage in this litigation, the Court finds that it would be inappropriate to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any state law claims that may remain, whether or not they are barred by the Eleventh Amendment, and hereby dismisses, without prejudice, those state law claims that may have accrued subsequent to November 17, 1998.

### III. Conclusion

For all the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant to Dismiss is granted.

All of Plaintiff's federal law claims, as well as any of his state law claims which accrued prior to November 17, 1998, are hereby dismissed with prejudice. Any of Plaintiff's state law claims which may have accrued subsequent to November 17, 1998, are hereby dismissed without prejudice.

A final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure will be entered this day.