

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2000

# Chittister v. Department of Community & Econ Development

Precedential or Non-Precedential:

Docket 00-3140

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Chittister v. Department of Community & Econ Development" (2000). *2000 Decisions.* Paper 183.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/183

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed August 30, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3140

DAVID D. CHITTISTER,
       Appellant

v.

DEPARTMENT OF COMMUNITY AND ECONOMIC
DEVELOPMENT; DAVID BLACK; LARRY SEGAL

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(Dist. Court No. 97-cv-01946)
District Court Judge: Sylvia H. Rambo

Argued: June 30, 2000

Before: ALITO and McKEE, Circuit Judges, and
FULLAM, Senior District Judge.*

(Filed: August 30, 2000)

Andrew J. Ostrowski (argued)
2080 Linglestown Road, Ste. 201
Harrisburg, PA 17110

 Counsel for Appellants

_____
* The Honorable John P. Fullam, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

        D. Michael Fisher, Attorney General
        J. Bart DeLone, Deputy Attorney
         General
        Calvin R. Koons, Senior Deputy
        Attorney General
        John G. Knorr, III, Chief Deputy
         Attorney General (argued)
        Office of Attorney General
        Appellate Litigation Section
        15th Fl., Strawberry Square
        Harrisburg, PA 17120

         Counsel for Appellees

OPINION OF THE COURT

ALITO, Circuit Judge:

In this case, we must decide whether Congress validly abrogated the states' Eleventh Amendment immunity when it enacted provisions of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. SS 2601-54, that require a broad class of employers, including states, to provide their employees with 12 weeks of leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee" and that permit employees to sue in federal court for violations of the Act. We agree with the District Court in this case and with the other Courts of Appeals that have considered this question that Congress did not validly abrogate the states' Eleventh Amendment immunity when it enacted these provisions. See Hale v. Mann, No. 99-7326, 2000 WL 675209, at *7 (2d Cir. May 25, 2000); Garrett v. University of Alabama at Birmingham Board of Trustees, 193 F.3d 1214, 1219 (11th Cir. 1999), cert. granted on different issue, 120 S. Ct. 1669 (2000). We therefore affirm the decision of the District Court.

I.

On February 14, 1997, David D. Chittister, an employee of the Pennsylvania Department of Community and

Economic Development, requested sick leave. He was granted leave through May 2, 1997. For reasons not relevant to this appeal, approximately ten weeks later, on April 21, 1997, Chittister's leave was revoked, and he was fired.

Chittister then filed this action in federal district court against the Department and two state officials. Chittister asserted a claim under the FMLA, alleging that the defendants had improperly denied him leave and had fired him while he was on approved, paid sick leave. He also asserted a claim under 42 U.S.C. S 1983 on the ground that the defendants had retaliated against him for the exercise of his First Amendment rights. The District Court granted summary judgment for the defendants on Chittister's retaliation claim, and Chittister took a separate appeal from that order.[1] A jury trial on the FMLA claim resulted in a verdict in Chittister's favor, but the District Court granted judgment as a matter of law in favor of the Department, holding that Chittister's FMLA claim against the Department was barred by the Eleventh Amendment. Chittister then took this appeal.

II.

Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power. See Kimel v. Florida Board of Regents, 120 S. Ct. 631, 643-44 (2000); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 59 (1996). The Fourteenth Amendment confers such power, Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976), but Article I of the Constitution does not. See Seminole Tribe, 517 U.S. at 63-73.

The FMLA requires an employer to provide "12 workweeks of leave"

    (A) Because of the birth of a son or daughter of the

_____

1. We resolve that appeal, No. 99-3425, in a separate opinion.

3

employee and in order to care for such son or daughter.

(B) Because of the placement of a son or daughter with the employee for adoption or foster care.

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

29 U.S.C. S 2612(a)(1) (emphasis added). The Act makes it unlawful for "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided under the Act. 29 U.S.C. S 2615(a)(1). The Act also grants state employees, among others, a private right of action against their employers for violations of the Act. See 29 U.S.C. S 2617(a)(2)(A). As noted, Chittister sued his employer, the Pennsylvania Department of Community and Economic Development, alleging that the Department's "termination of [his] employment without granting [him] the leave to which he is entitled [was] a violation of the FMLA." Complaint at 5.

It is not disputed that the Department is an arm of the Commonwealth and is within the protection of the Eleventh Amendment. Moreover, although Chittister argues otherwise, it is clear that Pennsylvania has not consented to suit under the FMLA. The Pennsylvania Constitution provides that the Commonwealth may be sued only "in such manner, in such courts and in such cases as the Legislature may by law direct." Pa. Const. art. I, S 11 (emphasis added). The legislature has directed that the Commonwealth retains its sovereign immunity. See 1 Pa. Cons. Stat. Ann. S 2310 (West Supp. 2000) ("[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth . . . shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."). It has waived immunity only for certain specified tort claims in suits for damages in state court. See

4

42 Pa. Cons. Stat. Ann. S 8522. The Supreme Court of Pennsylvania has held that the Commonwealth's immunity is otherwise intact. See Dean v. Commonwealth , 751 A.2d 1130, 1132 (Pa. 2000). The General Assembly has further provided that "[n]othing contained in this subchapter [including S 8522] shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment of the Constitution of the United States." S 8521(b). Thus, we have held that Pennsylvania has not consented to suit in federal court. See Wheeling & Lake Erie Ry. v. Public Util. Comm'n, 141 F.3d 88, 91 (3d Cir. 1998); Laskaris v. Thornburgh , 661 F.2d 23, 25 (3d Cir. 1981).

Chittister asserts that Pennsylvania consented to suit because an administrative policy "instructs the Commonwealth to post the notices required by the FMLA and its implementing regulations and specifically instructs the employees of their right to file suit to enforce its provisions." Appellant Br. at 29. However, waiver of Eleventh Amendment immunity is found only where the state "voluntarily invokes" federal jurisdiction or where the state "makes a clear declaration that it intends to submit itself" to federal jurisdiction. College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 119 S. Ct. 2219, 2226 (1999) (quotation marks omitted). Because only a command of the General Assembly is sufficient under Pennsylvania law to waive the Commonwealth's immunity, an administrative policy cannot amount to a "clear declaration" that Pennsylvania intends to submit itself to federal jurisdiction.

Chittister also asserts that Pennsylvania gave constructive consent to his suit by defending it on the merits and raising the issue of its immunity for thefirst time on appeal. It is settled, however, that Eleventh Amendment immunity may be raised for the first time on appeal even if the state defended the merits of the suit in the district court. See Edelman v. Jordan, 415 U.S. 651, 677–78 (1974); Wheeling & Lake Erie Ry., 141 F.3d at 91; College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 131 F.3d 353, 365 (3d Cir. 1997) ("Because the immunity issue sufficiently partakes of the nature of a

5

jurisdictional bar, it is an issue that may be raised any time during the pendency of the case. Merely because a state appears and offers defenses on the merits of the case, it does not automatically waive Eleventh Amendment immunity.") (citations and quotation marks omitted). Thus, Chittister's contention that the Commonwealth consented to suit under the FMLA is without merit.

III.

Because the Commonwealth has not consented to suit, it may be sued in federal court only if Congress validly abrogated its Eleventh Amendment immunity. In order to abrogate Eleventh Amendment immunity, Congress must make its intention to do so "unmistakably clear in the language of the statute." Kimel, 120 S. Ct. at 640. The FMLA provides that "[a]ny employer who violates section 2615 of this title shall be liable to any eligible employee affected for damages . . . ." 29 U.S.C. S 2617(a)(1)(A). The Act then grants a private right of action to eligible employees: "An action to recover damages or equitable relief . . . may be maintained against any employer (including a public agency) . . . by any one or more employees for and in behalf of the employees." See 29 U.S.C. S 2617(a)(2)(A) (emphasis added).2

The language in the Age Discrimination in Employment Act that provides for a private right of action is almost identical to the enforcement language in the FMLA. See 29 U.S.C. S 216 (b) ("An action to recover the liability [under the ADEA] prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) . . . by any one or more employees for and in behalf of himself or themselves . . . .") (emphasis added). In Kimel, the Court held that this language in the ADEA represented an "unmistakably clear" attempt by Congress to abrogate the states' Eleventh Amendment immunity. Kimel , 120 S. Ct. at 640. We therefore hold that the FMLA attempts to abrogate the states' Eleventh Amendment immunity.
_____

2. The term "public agency" includes "the government of a State or political subdivision thereof" and "any agency of . . . a State, or a political subdivision of a State." 29 U.S.C.S 203(x).

6

IV.

As noted, Congress has the authority to abrogate Eleventh Amendment immunity pursuant to its power to enforce the Fourteenth Amendment. See Kimel, 120 S. Ct. at 643-44. In order to invoke this, Congress "must identify conduct transgressing the Fourteenth Amendment's substantive provisions, and must tailor its legislative scheme to remedying or preventing such conduct." Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 119 S. Ct. 2199, 2207 (1999). Here, Congress has identified the conduct transgressing the Fourteenth Amendment as "the potential for employment discrimination on the basis of sex" in violation of the Equal Protection Clause.3 29 U.S.C.S 2601(b)(4). In City of Boerne v. Flores, 117 S. Ct. 2157 (1997), the Court held that, in order for an exercise of Congress's enforcement power under the Fourteenth Amendment to be sustained,"[t]here must be a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." See id. at 2164. In the present case, consequently, there must be "congruence and proportionality" between "the potential for employment discrimination on the basis of sex" and the FMLA's provision of 12 weeks of leave to eligible employees.

It is apparent that this standard cannot be met here. In enacting the FMLA, Congress found, among other things, that it is "important . . . that fathers and mothers be able to participate in early childrearing and the care of family members who have serious health conditions," 29 U.S.C. S 2601(a)(2), that the "lack of employment policies to

_____

3. Chittister asserts that the abrogation of Pennsylvania's immunity is a valid exercise of Congress's power to enforce the guarantees of substantive due process under the Fourteenth Amendment. In Florida Prepaid, the Court refused to entertain an alternative basis for the legislation in question there because "Congress was so explicit about invoking its authority under Article I and its authority . . . under the Fourteenth Amendment." Florida Prepaid Postsecondary Educ. Expense Bd., 119 S. Ct. at 2208 n.7. In enacting the FMLA, Congress explicitly relied on the Equal Protection Clause of the Fourteenth Amendment. See 29 U.S.C. S 2601(b)(4). We, therefore, decline to consider the Due Process Clause as an alternative basis for the FMLA.

7

accommodate working parents can force individuals to choose between job security and parenting," S 2601(a)(3), that "there is inadequate job security" for persons who might take medical leave, S 2601(a)(4), and that "the primary responsibility for family caretaking often falls on women" and has a greater effect on their work than it does on men, S 2601(a)(5). Notably absent is anyfinding concerning the existence, much less the prevalence, in public employment of personal sick leave practices that amounted to intentional gender discrimination in violation of the Equal Protection Clause. For example, Congress did not find that public employers refused to permit as much sick leave as the FMLA mandates with the intent of disadvantaging employees of one gender. (Indeed, it is doubtful that a practice of allowing less sick leave than the FMLA requires would even have a disparate impact on men and women.). Nor are we aware of any substantial evidence of such violations in the legislative record.

Moreover, even if there were relevant findings or evidence, the FMLA provisions at issue here would not be congruent or proportional. Unlike the Equal Protection Clause, which the FMLA is said to enforce, the FMLA does much more than require nondiscriminatory sick leave practices; it creates a substantive entitlement to sick leave. This requirement is "disproportionate to any unconstitutional conduct that conceivably could be targeted by the Act." Kimel, 120 S. Ct. at 645. It is "so out of proportion to a supposed remedial or preventive object that it cannot be understood as responsive to, or designed to prevent, unconstitutional behavior." City of Boerne , 117 S. Ct. at 2170. For these reasons, the legislative scheme cannot be said to be congruent or proportional to any identified constitutional harm, and it cannot be said to be tailored to preventing any such harm. Accordingly, we hold that the FMLA provisions at issue here do not represent a valid exercise of Congress's power to enforce the Fourteenth Amendment and that the FMLA does not abrogate Eleventh Amendment immunity. Cf. Lavia v. Commonwealth of Pennsylvania, Department of Corrections, No. 99-3863 (3d Cir., filed Aug. 8, 2000) (Title I of ADA).

8

V.

For the reasons stated above, the judgment of the District
Court is affirmed.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit