# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3873

_____

| | |
|---|---|
| Regenia G. Townsel, | * |
| | * |
| Appellant, | * |
| | * On Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| State of Missouri, | * |
| | * |
| Appellee. | * |

_____

Submitted: November 13, 2000
Filed: December 5, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Regenia Townsel appeals the District Court's[1] adverse grant of judgment on the pleadings in her suit under the Family Medical Leave Act (FMLA) against her former employer, the State of Missouri.[2] We affirm.

_____

[1] The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

[2] Plaintiff also sought to recover under the Americans with Disabilities Act (ADA), but she later conceded that Defendant enjoyed Eleventh Amendment immunity from this claim under our decision in Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (Congress lacked power to abrogate states' Eleventh

Upon de novo review of the record before us, see Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), and consideration of the parties' submissions on appeal, we conclude that the District Court properly dismissed Plaintiff's FMLA claim against Defendant as barred by Eleventh Amendment immunity. See Chittister v. Department of Community and Econ. Dev., 226 F.3d 223, 228-29 (3d Cir. 2000) (legislative scheme of FMLA is not congruent or proportional to any identified constitutional harm; noticeably absent from legislative history is finding that sick-leave practices in public employment amount to intentional gender discrimination in violation of equal protection; FMLA provisions do not represent valid exercise of Congress's power to enforce Fourteenth Amendment and therefore FMLA does not abrogate Eleventh Amendment immunity); Kazmier v. Widmann, 225 F.3d 519, 527-29 (5th Cir. 2000) (section of FMLA allowing leave for plaintiff's own "serious health condition" does not effectively abrogate states' Eleventh Amendment immunity; FMLA "prohibits substantially more state employment decisions than would likely be held unconstitutional under the applicable equal protection, rational basis standard" (quoting Kimel v. Florida Bd. of Regents, 120 S. Ct. 631, 647 (2000)); Sims v. University of Cincinnati, 219 F.3d 559, 566 (6th Cir. 2000) (FMLA is not valid exercise of Congress's power under Section Five of Fourteenth Amendment); Hale v. Mann, 219 F.3d 61, 69 (2d Cir. 2000) (Congress did not have authority to abrogate sovereign immunity under provisions of FMLA at issue (provisions for medical leave to deal with one's own serious health condition)); Garrett v. University of Ala. at Birmingham Bd. of Trustees, 193 F.3d 1214, 1219 (11th Cir. 1999) (same), cert. granted,[3] 120 S. Ct. 1669 (2000); Cohen v. Nebraska Dep't of Admin. Servs., 83 F. Supp. 2d 1042, 1045 (D. Neb. 2000) (of circuits and district courts to consider issue

Amendment immunity under Title II of ADA).

[3]Certiorari has been granted on the issue whether the Eleventh Amendment bars ADA suits by private citizens in federal court against nonconsenting states. See 68 U.S.L.W. 3649 (Apr. 17, 2000).

since 1998, all have concluded that Congress lacked power to abrogate states' immunity from suit under FMLA).

The key point is that the FMLA makes illegal a great deal of conduct not even arguably prohibited by the Fourteenth Amendment, and provides for remedies a great deal more extensive than the Fourteenth Amendment could even arguably require. Accordingly, we hold that the FMLA is " 'so out of proportion to a supposed remedial or preventive object that it cannot be understood as responsive to, or designed to prevent, unconstitutional behavior.' " Kimel v. Florida Board of Regents, supra, 120 S. Ct. at 647, quoting City of Boerne v. Flores, 521 U.S. 507, 537 (1997). The enactment of the FMLA cannot fairly be said to be an exercise of Congress's power to "enforce . . . the provisions of" the Fourteenth Amendment, in a way authorized by §5 of that Amendment.

Accordingly, we affirm the decision of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.