# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2318

_____

Jennifer Miles,                          *
                                         *
            Appellant,                   *
                                         *    Appeal from the United States
      v.                                 *    District Court for the
                                         *    Eastern District of Missouri.
Bellfontaine Habilitation Center,        *
                                         *        [PUBLISHED]
            Appellee.                    *

_____

Submitted: April 6, 2007
Filed: April 12, 2007

_____

Before RILEY, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jennifer Miles (Miles) appeals from the district court's dismissal of her pro se Title VII employment discrimination and Family and Medical Leave Act (FMLA) action against Bellefontaine Habilitation Center (the Center). Upon de novo review, see Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Thomas v. FAG Bearings Corp., 50 F.3d 502, 504 (8th Cir. 1995), we affirm in part and reverse in part.

The district court properly dismissed with prejudice Miles's FMLA claim, which was brought under FMLA's self-care provisions. As an agency of the state of Missouri, see Mo. Const. art. IV, § 12; Mo. Rev. Stat. § 630.003.1, .5, the Center is

entitled to Eleventh Amendment immunity from the claim, see Townsel v. Missouri, 233 F.3d 1094, 1096 (8th Cir. 2000), overruled in part by Nev. Dep't of Human Res. v. Hibbs, 538 U.S. 721, 735-37 (2003); cf. Brockman v. Wyo. Dep't of Family Servs., 342 F.3d 1159, 1164, 1165 n.3 (10th Cir. 2003) (construing effect of Hibbs and concluding immunity was not abrogated for self-care under FMLA).

We conclude, however, the district court improperly dismissed Miles's Title VII claim for failure to plead sufficiently she had exhausted her administrative remedies. Miles's complaint needed only to contain a "short and plain statement" establishing the court's jurisdiction and her entitlement to relief. See Fed. R. Civ. P. 8(a). While Miles was required to exhaust her administrative remedies with the Equal Employment Opportunity Commission (EEOC) before bringing suit, see Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994), failure to exhaust administrative remedies is an affirmative defense that a defendant must prove, see Miller v. Runyon, 32 F.3d 386, 388 (8th Cir. 1994). Miles stated in her form complaint she filed a charge with the EEOC concerning the alleged discrimination and retaliation described in her complaint, and she attached a right-to-sue letter the EEOC issued in January 2006. Defendant's motion to dismiss did not challenge this statement. We know of no authority requiring Miles to attach her EEOC charge to her complaint, or to provide additional support for her unchallenged complaint allegations.

Therefore, we reverse the dismissal of Miles's Title VII claim and remand for further proceedings consistent with this opinion. In all other respects, we affirm the judgment of the district court.

_____