# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3568

_____

Larry McKlintic,                        *
                                   *
     Plaintiff/Appellant,       *
                                   *

     v.                          *   Appeal from the United States
                                   *   District Court for the Eastern

36th Judicial Circuit Court, Juvenile  *   District of Missouri.
Division, State of Missouri, employer;  *
State of Missouri, employer,       *   [PUBLISHED]
                                   *
     Defendants/Appellees.      *

_____

Submitted: May 16, 2007
Filed: November 28, 2007

_____

Before WOLLMAN, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

Larry McKlintic appeals from the district court's[1] dismissal of his suit against his employer, the 36th Judicial Circuit Court of the State of Missouri, seeking relief under the provisions of the Family and Medical Leave Act (known as the FMLA) granting a right to leave on account of the employee's own illness (known as the self-care provisions of the Act). The district court held that McKlintic's suit against the

_____

[1]The Honorable Lewis M. Blanton, United States Magistrate Judge for the Eastern District of Missouri. The parties consented to have a Magistrate Judge conduct the proceedings in the district court. See 28 U.S.C. § 636(c)(1).

State was barred by the Eleventh Amendment, which the court held, was not abrogated by the FMLA's self-care provisions. McKlintic v. 36th Judicial Circuit Court, 464 F. Supp. 2d 871, 875 (E.D. Mo. 2006).

In Townsel v. Missouri, 233 F.3d 1094 (8th Cir. 2000), we held that the FMLA did not abrogate the states' Eleventh Amendment immunity. Townsel was overruled in part when the Supreme Court held in Nevada Department of Human Resources v. Hibbs, 538 U.S. 721 (2003), that the family-care provisions of the FMLA did abrogate the states' Eleventh Amendment immunity. McKlintic argued that Hibbs should extend to the self-care provisions of the FMLA as well, but after McKlintic filed this appeal, we decided Miles v. Bellfontaine Habilitation Center, 481 F.3d 1106, 1107 (8th Cir. 2007) (per curiam), in which we held that the self-care provisions of the FMLA did not abrogate the states' immunity.[2] We are bound by the earlier decision of a panel of our Court. South Dakota v. United States Dep't of Interior, 487 F.3d 548, 551 (8th Cir. 2007). Accordingly, we may not reconsider the question of whether the Eleventh Amendment bars a suit against a state for violation of the self-care provisions of the FMLA.

McKlintic further argues that the State waived its immunity to suit by offering FMLA leave in its employee handbook. Specifically, he alleges in his complaint, "Mr. McKlintic's request was in fact covered under the self-care provision of the Family and

---

[2]The only precedential opinions of circuit courts on the issue are unanimous in holding that the FMLA self-care provisions did not abrogate the states' immunity. Toeller v. Wis. Dep't of Corr., 461 F.3d 871, 873, 879 (7th Cir. 2006) (no abrogation in the case at bar, but reserving question of whether FMLA abrogates state immunity from claims of self-care in context of pregnancy); Touvell v. Ohio Dep't of Mental Retardation & Developmental Disabilities, 422 F.3d 392, 405 (6th Cir. 2005), cert. denied, 546 U.S. 1173 (2006); Brockman v. Wyo. Dep't of Family Servs., 342 F.3d 1159, 1165 (10th Cir. 2003); see also Bryant v. Miss. State Univ., 329 F. Supp. 2d 818, 827 (N.D. Miss. 2004); Nicholas v. Att'y Gen., —P.3d—, 2007 WL 2302093, at *4 (Utah Aug. 14, 2007).

Medical Leave Act as stated in the Missouri Circuit Courts Handbook." A state may voluntarily waive its sovereign immunity from federal-court jurisdiction, but the federal courts will only conclude that it has done so if the alleged waiver passes a stringent test. College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675 (1999). "Generally, we will find a waiver either if the State voluntarily invokes our jurisdiction or else if the State makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction." Id. at 675-76 (citations omitted). A state does not waive its immunity from federal suit by consenting to suit in state courts, by stating its intention to sue and be sued, or by authorizing suits against it in "any court of competent jurisdiction." Id. at 676. Thus, a state's grant to an employee of a substantive right with no mention of whether that right can be enforced against the state in federal court does not effect a waiver of Eleventh Amendment immunity.

We affirm the judgment of the district court.

BRIGHT, Circuit Judge, concurring.

I concur in the court's opinion. I agree that we are bound by this court's holding in Miles v. Bellfontaine Habilitation Ctr., 481 F.3d 1106, 1107 (8th Cir. 2007) (holding that the self-care provision of the Family and Medical Leave Act ("FMLA") did not abrogate the states' Eleventh Amendment immunity). See also Toeller v. Wis. Dep't of Corr., 461 F.3d 871, 879-80 (7th Cir. 2006); Touvell v. Ohio Dep't of Mental Retardation & Developmental Disabilities, 422 F.3d 392, 405 (6th Cir. 2005); Brockman v. Wyo. Dep't of Family Servs., 342 F.3d 1159, 1165 (10th Cir. 2003). But see Montgomery v. Md., 2003 WL 21752919, at *1 (4th Cir. July 30, 2003) (holding that in light of Nev. Dep't of Human Res. v. Hibbs, 538 U.S. 721 (2003), "sovereign immunity does not protect the states in FMLA actions").

I write separately to observe that an argument can be made that the self-care provision of the FMLA permits a suit against the State. Such issue needs resolution by the United States Supreme Court.

_____