OPINION
PER CURIAM.
Appellant Winston Banks, a pro se litigant, appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting Defendant’s motion to dismiss Banks’ complaint for failure to state a claim. For the reasons set forth below, we will affirm.
I.
From January 2000 until October 2006, Banks was employed as a judicial aide by the Honorable Glynnis Hill, Court of Common Pleas of Philadelphia County, First Judicial District. According to Banks’ complaint, on October 20, 2006, he “was in Courtroom 1004 of the Criminal Justice Center (CJC) in Philadelphia, and a person with a motorized wheelchair entered the courtroom.” The doors apparently remained open after the person in the wheelchair entered the courtroom and the “outside conversation entered the courtroom and the Judge voiced his displeasure.” Af *820 terward, Banks claimed that Judge Hill “left the bench into the robing room,” and Banks “informed the judge [that his] back was spasing [sic] and needed medical treatment.” Banks alleged that Judge Hill told him that if he left, he would be fired. Banks claimed that he left to seek treatment for his back at the V.A. Hospital. Although he received medical clearance to return to work the next day, his job had already been terminated.
Banks sued the Court of Common Pleas, First Judicial District, arguing that he was entitled to relief under the employment provisions of the American with Disabilities Act (ADA), the self-care provisions of Family Medical Leave Act (FMLA), and the Pennsylvania Human Relations Act (PHRA). Banks sought both monetary damages and to be reinstated “with full time employment.” The Court of Common Pleas, through counsel, filed a motion to dismiss the case and, on December 10, 2008, the District Court held a hearing on the motion. Following the hearing, the District Court granted the Court of Common Pleas’ motion to dismiss Banks’ complaint.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court’s dismissal for failure to state a claim is plenary. Port Auth. of N.Y. & N.J. v. Arcadian Corp., 189 F.3d 305, 311 (3d Cir.1999). When considering a district court’s grant of a motion to dismiss under Rule 12(b)(6), we “accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff.” Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, — U.S. —, —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
III.
The Court of Common Pleas, First Judicial District is an entity of the Unified Judicial System of Pennsylvania, and, as such, is an instrumentality of the Commonwealth. The Pennsylvania Constitution, Article V § 1 states: “The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the Supreme Court, ... courts of common pleas, ... All courts ... shall be in this unified judicial system.” In addition, 42 Pa. Cons.Stat. § 102 provides that, “the government of the Commonwealth [includes] the courts and other officers or agencies of the unified judicial system ...”
In Benn v. First Judicial District, 426 F.3d 233, 240-41 (3d Cir.2005), we ruled that state courts, as state entities, are entitled to immunity from suit in federal court pursuant to the Eleventh Amendment. Specifically, suits seeking money damages against the state for an alleged failure to comply with Title I of the ADA are barred by the Eleventh Amendment.[1] Id.; Bd. of Tr. of Univ. of Ala. v. *821 Garrett, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (a suit in federal court by a state employee to recover money damages by reason of the state’s failure to comply with the ADA is barred by the Eleventh Amendment absent that state’s consent to suit.)
Likewise, private suits for damages may not be brought against states for alleged violations of the FMLA, which arise under the Act’s self-care provision. See 29 U.S.C. § 2612(a)(1)(D). In Chittister v. Dep’t of Cmty. and Econ. Dev., 226 F.3d 223, 229 (3d Cir.2000), we ruled that Congress did not validly abrogate the states’ Eleventh Amendment immunity when it enacted provisions of the FMLA. Although the “family-care” provisions of the FMLA were upheld by the Supreme Court in Nev. Dep’t of Human Res. v. Hibbs, 538 U.S. 721, 737-40, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003), private suits still may not be brought against states where the self-care provisions of the Act are implicated.[2]
Lastly, the District Court did not abuse its discretion in refusing to exercise supplemental jurisdiction over Banks’ PHRA claim once it had dismissed the claims over which it had original jurisdiction. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir.1999); see also 28 U.S.C. § 1367(c)(3).
For the foregoing reasons, we will affirm the District Court’s order granting the Court of Common Pleas’ motion to dismiss. Banks’ motion to respond to Ap-pellee’s motion to be excused from filing a brief is denied as moot. Banks’ motions for oral argument are also denied.

. Banks' request for injunctive relief (i.e. job reinstatement) is also barred by the Eleventh Amendment. Although we have held that under Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Eleventh Amendment does not act as a bar to federal ADA claims for prospective injunctive relief against state officials acting in their official capacities, Banks did not raise any claims against state officials in his complaint. See Koslow v. Pennsylvania, 302 F.3d 161, 165—68, 178 (3d Cir.2002) (“Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its own name regardless of the relief sought. Thus, implementation of state policy or custom may be reached in federal court only because official- *821 capacity actions for prospective relief are not treated as actions against the State.”)

. In Hibbs, the Supreme Court found that the FMLA's family-leave provision, 29 U.S.C. § 2612(a)(1)(C), does abrogate sovereign immunity, based on a gender discrimination analysis. Id. However, post -Hibbs, other Circuits have specifically found that the self-care provisions do not abrogate sovereign immunity. The Sixth and the Tenth Circuits have both held that the Supreme Court's holding in Hibbs does not apply to the self-care provision of the FMLA, and that private suits may not be brought against states for alleged violations of the self-care provisions of the Act. See Touvell v. Ohio Dep't of Mental Retardation & Developmental Disabilities, 422 F.3d 392, 400-01 (6th Cir.2005); see also Brockman v. Wyo. Dep’t of Family Servs., 342 F.3d 1159, 1164-65 (10th Cir.2003).