OPINION
PER CURIAM.
Archie Tindell, an inmate at the State Correctional Institution at Fayette, appeals from orders by the District Court granting defendants’ motions to dismiss and for summary judgment. For substantially the same reasons as given by the District Court, we will affirm.
I.
In 2007, Tindell filed a complaint alleging various causes of action pursuant to 42 U.S.C. § 1983 against numerous named defendants. Tindell alleged that several *593 incidents provided the basis for relief under the First, Fourth, Eighth, and Fourteenth Amendments, as well as under the state constitution and state law.
First, Tindell alleges that his cell was searched without justification and his legal property was improperly removed without due process of law and in violation of the Fourth Amendment. Tindell claims that the search occurred in retaliation for pending civil litigation against prison officials, was racially motivated, and because defendants were engaged in a conspiracy against him. Tindell argues that the improper seizure of his legal materials denied him access to the courts. Tindell also alleges that in the course of seizing property from his cell, a prison officer used excessive force in removing him from his cell.
Second, Tindell asserts that prison officials and medical staff were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Tin-dell, an insulin-dependent diabetic, was sent to the prison’s medical facility where he was force fed by medical staff. Tindell alleges that he was placed in a “hard cell” after he requested that his sugar level be tested. He asserts that this incident violated his rights under the Equal Protection Clause of the Fourteenth Amendment and his right to due process.
Third, Tindell alleges that he was denied due process when misconduct charges were filed against him. He alleges that the hearing examiners conspired against him by delaying his hearing and by denying his requests for “video cameras under exculpable evidence.”
Defendants filed two motions to dismiss: one on behalf of defendant Herbik and one on behalf of all remaining defendants (“DOC” defendants). Tindell did not respond to either. Based on a report by the Magistrate Judge, the District Court dismissed many of the named defendants from Tindell’s suit and all but two of his claims. The two claims that survived dismissal were a retaliation claim against defendants Leggett, Crumb, Ruvo, Caldwell, and Kremposky, and an excessive force claim against defendant Crumb. In addition, the District Court denied Tindell’s motion to amend because the court could discern no new claims in the proposed amended complaint, and denied his motion to remand.
After discovery, defendants filed a motion for summary judgment and provided evidence demonstrating that no genuine issue existed. The Magistrate Judge issued a second report recommending a grant of summary judgment in favor of defendants, which the District Court adopted and denied Tindell relief. Tindell timely appealed.
We have jurisdiction under 28 U.S.C. § 1291. We will summarily affirm if Tin-dell’s appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. Our review is plenary. See Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 519 (3d Cir.2007) (motion to dismiss); Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir.2006) (summary judgment).
II.
We consider first the District Court’s order dismissing Tindell’s claims against defendant Herbik, and dismissing claims against the remaining state defendants stemming from the cell search, confiscation of legal property, misconduct charges, and medical treatment. Dismissal is proper if a party fails to allege sufficient factual matter, which, if accepted as true, could “state a claim to relief that is plausible on its face.” Ashcroft v. Iqbal, — U.S.-, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, *594 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
First, Tindell fails to state a claim for relief when he alleges that the cell search and confiscation of his legal property violated his constitutional rights. Prisoners do not have a right to privacy and freedom from unreasonable searches during incarceration. See Hudson v. Palmer, 468 U.S. 517, 526, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Doe v. Delie, 257 F.3d 309, 316 (3d Cir.2001). Seizure of Tindell’s legal property thus cannot constitute a Fourth Amendment violation. Nor is there a due process violation if a meaningful post-deprivation remedy for the loss is available. Hudson, 468 U.S. at 533, 104 S.Ct. 3194. We have previously held that the prison’s grievance program and internal review provide an adequate post-deprivation remedy to satisfy due process. Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir.2000). Tindell has not shown that this post-deprivation procedure was not meaningful. To the extent that Tindell claims that his delayed misconduct hearing deprived him of due process,[1] he does not state a claim for relief. See Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); see also Wolff v. McDonnell, 418 U.S. 539, 565-72, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (setting forth due process protections for prison disciplinary hearings). Tindell also does not state a claim for relief when he alleges that hearing examiners denied his requests for “video cameras.” See Wolff, 418 U.S. at 566-67, 94 S.Ct. 2963.
Tindell also fails to allege a violation under the First Amendment. Although he asserted that some legal property was confiscated, he does not set forth any facts showing that this resulted in an “actual injury.” See Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). His claims are insufficient to show that he was denied access to the courts. Id. Although not addressed by the District Court, Tindell also alleges that some of the items confiscated were his religious materials. To the extent he asserts a First Amendment violation, he fails to allege with any specificity how the removal of these items substantially burdened his ability to observe a central religious belief or practice. See Hernandez v. Comm’r, 490 U.S. 680, 699, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989).
Additionally, Tindell’s bare conelusory allegations are insufficient to sustain a conspiracy claim. See D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir.1992) (“[mjere conelusory allegations of deprivations of constitutional rights” are insufficient to state a conspiracy claim (citation omitted)); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir.1989) (allegations supporting a conspiracy claim under civil RICO must be sufficiently specific).
Tindell’s claims of deliberate indifference were also properly dismissed. He argues that the course of treatment was improper, which does not state a claim under the Eighth Amendment. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir.2004) (“mere disagreement as to the proper medical treatment” is insufficient to state a constitutional violation). He also failed to allege some basis for concluding that defendants had a “sufficiently culpable state of mind.” Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). His allegations neither provide a *595 basis to conclude that his due process rights were violated in the course of his medical treatment nor show how the medical staff violated the Equal Protection Clause. His state law medical malpractice claim must also be dismissed for failure to present the elements necessary to establish a prima facie case of negligence. See Mitzelfelt v. Kamrin, 526 Pa. 54, 584 A.2d 888, 891 (1990) (listing elements of medical malpractice claim).
Tindell’s general claims against defendants who act as supervisors were also properly dismissed. He failed to allege any personal involvement and instead premised liability on a theory of respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). To the extent that Tindell alleged a state law tort claim, sovereign immunity protects the DOC defendants from being sued in their official capacities in federal court. See 42 Pa. Cons.Stat. Ann. § 8521(b); Chittister v. Dep’t of Community & Economic Dev., 226 F.3d 223, 226-27 (3d Cir.2000).
Finally, after reviewing Tindell’s motion to amend, we agree that the District Court properly denied him leave to file the proposed amended complaint, as it was no different than the original complaint. Denial of his motion to remand was also proper. See 28 U.S.C. § 1441.
III.
We consider next the District Court’s order granting summary judgment on the remaining two claims: (1) that the cell search was retaliatory and (2) that it involved the use of excessive force. Summary judgment will be affirmed if the record demonstrates that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
To show retaliation, a prisoner must demonstrate that he was engaged in constitutionally protected conduct, that the prison officials caused him to suffer “adverse action,” and that his constitutionally protected conduct was a motivating factor in the officials’ decision to discipline him. Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir.2002) (citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir.2001)). However, prison officials may still prevail by proving that they would have made the same decision even if the prisoner were not engaging in constitutionally protected conduct. Rauser, 241 F.3d at 334.
Although there is a dispute over whether Tindell’s cell property exceeded institutional rules, “[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.” Scott v. Harris, 550 U.S. 372,127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007) (relying on a videotape in assessing summary judgment evidence). Here, defendants provided a video showing officers removing all of the personal, nonessential property from Tindell’s cell. The video shows that defendants removed two full boxes, in addition to various other items, including a tall stack of books. Defendants also attest that Tindell refused orders to remove excess property and come into property compliance with the institutional rules. Tindell does not present any evidence to show that defendants acted with a retaliatory motive aside from his own personal beliefs. Because defendants provided evidence to show that they would have made the same decision regardless of whether Tindell had pending litigation, summary judgment was proper.
To determine whether the force used by a prison official amounts to a constitutional violation, “the core judicial inquiry is ... *596 whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.” Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). In evaluating whether an officer used excessive force, courts will look to several factors including the need for force, the relationship between the need and amount of forced used, the extent of injuries inflicted, the extent of the threat to the safety of staff and inmates, and any efforts to temper the severity of the forceful response. Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir.2002).
Here, the videotape refutes Tin-dell’s assertion that defendant Crumb used excessive force when confiscating Tindell’s excess property. Crumb gave Tindell a direct order, Tindell resisted, and he was further directed to comply. When Tindell continued to disobey, Crumb used the amount of force necessary to control Tin-dell’s movement. The video shows that Tindell did not suffer any physical distress, and a medical report indicates that he had no visible swelling or injuries on his right wrist, although he did complain of shoulder pain. Again, viewing the evidence in the light most favorable to Tindell, no reasonable finder of fact could view the video of the incident and determine that Crumb acted maliciously and sadistically. Rather, a reasonable jury would have to conclude that force was reasonable under the circumstances and, therefore, summary judgment was proper on this claim.
IV.
As the appeal presents no substantial question, we will summarily affirm the District Court judgment. Tindell’s motion for appointment of counsel is denied.

. It is unclear whether Tindell’s allegations relate to misconduct charges filed based on the cell search or another incident.