# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2870

———————

Gary L. Quinnett,                          *
                                           *
            Appellant,                     *
                                           *   Appeal from the United States
    v.                                     *   District Court for the
                                           *   Southern District of Iowa.
State of Iowa; Iowa Department of          *
Administrative Services; Roy Williams;     *
Mollie Anderson,                           *
                                           *
            Appellees.                     *

———————

Submitted: March 16, 2011
Filed: July 7, 2011

———————

Before LOKEN and COLLOTON, Circuit Judges, and NELSON,[1] District Judge.

———————

COLLOTON, Circuit Judge.

Gary Quinnett brought this suit under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654, against the State of Iowa, the Iowa Department of Administrative Services ("DAS"), and two officials of the DAS. The

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, sitting by designation.

district court[2] dismissed all of Quinnett's claims, and he appeals the court's ruling with respect to his FMLA claims. We affirm.

## I.

The FMLA authorizes qualified employees to take up to twelve weeks of unpaid leave annually in several circumstances. 29 U.S.C. § 2612(a)(1). One such circumstance is when "a serious health condition . . . makes the employee unable to perform the functions of [his] position." *Id.* § 2612(a)(1)(D). This provision is commonly described as the "self-care provision."

Quinnett is a former employee of the Department of Administrative Services. According to Quinnett's complaint, he was treated for various medical conditions during his employment with the DAS, and he took leave from work under the FMLA's self-care provision. Quinnett alleges that the defendants eventually asked him to apply for long-term disability benefits rather than take more FMLA leave, and then terminated him while claiming that he had resigned.

Quinnett sued the State of Iowa, the DAS, the then-director of the DAS, and his supervisor at the DAS. His complaint alleged, as relevant here, that the defendants interfered with his FMLA leave and retaliated against him for exercising his rights under the FMLA. The district court granted the defendants' motion to dismiss the complaint on the ground that the Eleventh Amendment barred Quinnett's FMLA claims against all of the defendants.

---

[2]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

II.

On appeal, Quinnett argues only that the State of Iowa waived its Eleventh Amendment immunity with respect to suits brought under the FMLA's self-care provision. He asserts that state regulations, a DAS "Benefit Guide," and the DAS benefits website waived the State's immunity. We disagree.

The Eleventh Amendment, as understood by the Supreme Court, "confirm[s] the structural understanding that States entered the Union with their sovereign immunity intact," and that the States thus may not be sued in federal court without their consent, unless Congress has validly abrogated the immunity. *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637-38 (2011).[3] A State may waive the immunity by making a "'clear declaration' that it intends to submit itself to [the] jurisdiction" of the federal courts. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999) (quoting *Great N. Life Ins. Co. v. Read*, 322 U.S. 47, 54 (1944)). In *McKlintic v. 36th Judicial Circuit Court*, 508 F.3d 875 (8th Cir. 2007) (per curiam), this court held that the State of Missouri did not waive its immunity by offering FMLA leave in its employee handbook. *Id.* at 877. The court explained that "a state's grant to an employee of a substantive right with no mention of whether that right can be enforced against the state in federal court does not effect a waiver of Eleventh Amendment immunity." *Id.*

There is no material distinction between this case and *McKlintic*. The State of Iowa has not "clearly declared" its intent to submit itself to federal-court jurisdiction.

___

[3]This court held in *Miles v. Bellfontaine Habilitation Center*, 481 F.3d 1106 (8th Cir. 2007) (per curiam), that Congress did not validly abrogate the States' Eleventh Amendment immunity by enacting the FMLA's self-care provision, and Quinnett does not raise that point on appeal. *Id.* at 1107; *cf. Coleman v. Md. Court of Appeals*, 626 F.3d 187, 194 (4th Cir. 2010), *cert. granted*, No. 10-1016, 2011 WL 500227 (U.S. June 27, 2011).

The principal sources on which Quinnett relies merely describe the FMLA benefits that DAS employees are eligible to receive. The DAS "Benefit Guide," for example, provides that "[y]ou may be eligible for leave under the Family and Medical Leave Act (FMLA)," and describes eligibility requirements, summarizes the benefits, and explains the procedure for receiving leave. *See also* Iowa Admin. Code r. 11-63.4. These materials do not state that an employee can enforce his rights to these benefits in federal court.

The DAS benefits website, in its section on the FMLA, does state that "[e]mployees may also bring a private civil action against an employer for violations," but it does not specify that such an action may be brought *in federal court*. A State does not consent to suit in federal court "by stating its intention to sue and be sued or even by authorizing suits against it in any court of competent jurisdiction." *Coll. Sav. Bank*, 527 U.S. at 676 (citation omitted) (internal quotations omitted). For the same reason, the decision of the Iowa Court of Appeals in *Lee v. State*, No. 07-1879, 2009 WL 398330 (Iowa Ct. App. Feb. 19, 2009), that the State of Iowa waived its state-court immunity in FMLA cases, *id.* at *9, has no bearing on the State's immunity from suit in federal court. We therefore conclude that the State of Iowa has not waived its Eleventh Amendment immunity.

The judgment of the district court is affirmed.

_____