# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1689

_____

| | | |
|---|---|---|
| George H. Williams, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Target Stores, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: June 29, 2012
Filed: July 12, 2012 **(CORRECTED 7/19/12)**

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.


George Williams appeals following the district court's dismissal of his pro se employment-discrimination complaint as untimely. This court reverses.

Williams filed a form Title VII complaint seeking damages against his former employer, Target Stores (Target) for failing to promote him and for treating him less favorably than others in the terms and conditions of his employment, all on account of his race, African American. In the section of the form complaint asking when the discrimination occurred, Williams wrote "June 2009." In the narrative section of the

complaint, he alleged that after one year of employment with Target, he applied to be a team leader. Target denied him the promotion and about a month later, Williams learned that a white coworker was given the position. He became so uncomfortable working at Target that in May 2010, he took a leave of absence. Williams attached a charge of discrimination that he had filed with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR). The charge, dated May 27, 2010, alleged that Williams had applied for the team-leader position in "July/August 2009," but the position was given to a white male; that Williams was denied a requested transfer, and shortly thereafter, his hours were reduced; and that the discriminatory conduct occurred from June 1, 2009, until May 12, 2010.

Upon Target's resisted motion, the district court dismissed the complaint as time-barred. The court agreed with Target that, because the complaint alleged that the unlawful employment practice occurred on June 30, 2009, Williams's May 27, 2010 EEOC charge was not timely filed.

On appeal, Williams argues that the district court erred by using the June 2009 date written on his form complaint, because the attached charge of discrimination described the discrimination as occurring between June 1, 2009, and May 12, 2010. Target argues that allegations in a discrimination charge should not supersede express allegations in the complaint.

This court reviews de novo a dismissal for failure to exhaust. *See Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). Under Title VII, an employee has 300 days from the date of the alleged discrimination to file a charge of discrimination with the EEOC if the employee, as Williams did in this case, instituted proceedings with an appropriate state or local agency. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Holland v. Sam's Club*, 487 F.3d 641, 643 n.3 (8th Cir. 2007) (MCHR is appropriate state agency). The key issue before this court is not, as Target suggests, whether

allegations in a discrimination charge should supersede express allegations in the complaint, but rather whether a plaintiff must be held to the date of discrimination cited in a Title VII form complaint where an attachment to the pleading recites other dates of discrimination as well.

Complaints, including pro se complaints, must be liberally construed. *See Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010) (pro se pleadings afforded liberal construction) (citations omitted). Further, federal rules require that the charge of discrimination and the complaint be read together. *See* Fed. R. Civ. P. 10(c) (copy of written instrument that is exhibit to pleading is part of pleading for all purposes). The district court did not liberally construe the entire complaint, because the court drew from both the charge of discrimination and the complaint in describing the alleged discriminatory conduct, but then relied exclusively on the face of the form complaint in determining whether the discrimination charge was timely filed – despite the existence of more expansive dates contained in the attached charge of discrimination. *See Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (when ruling on motion to dismiss, court should construe complaint liberally in light most favorable to plaintiff).

To the extent that there existed doubt as to whether Williams had timely exhausted his administrative remedies, it was Target's burden to prove its affirmative defense of lack of exhaustion, and any doubt on the issue must be resolved in favor of Williams. *See Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007) (failure to exhaust is affirmative defense that is defendant's burden to prove; "tie must go to the plaintiff"); *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007) (per curiam) (though failure to exhaust administrative remedies is not jurisdictional prerequisite, it is treated as affirmative defense); *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997) (defendant bears burden of pleading and proving that plaintiff has failed to exhaust administrative remedies).

The parties also address whether the complaint was sufficient to state a claim upon which relief may be granted. That issue was not decided below, however, and is a matter best left to the district court to consider in the first instance on remand. *See Lafarge N. Am., Inc. v. Discovery Grp. L.L.C.*, 574 F.3d 973, 986 n.9 (8th Cir. 2009) (declining to affirm on alternative theories not addressed by district court in the first instance).

This court reverses and remands for further proceedings consistent with this opinion.

_____