**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2985
_____

WINSTON J. BANKS,

Appellant,

v.

FIRST JUDICIAL DISTRICT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 13-cv-01889)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 26, 2013

Before:  FUENTES, GREENBERG and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 26, 2013)
_____

OPINION
_____

PER CURIAM

Appellant Winston J. Banks appeals from an order of the District Court dismissing

his civil action for lack of subject matter jurisdiction.  For the reasons that follow, we will

affirm.

On July 12, 2007, Banks filed a Charge of Discrimination with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission, in which he alleged discrimination on the basis of race, sex, and disability. Specifically, he asserted that he had been hired as a "tipstaff" on January 24, 2000 by Judge Glynnis Hill of the Philadelphia Court of Common Pleas, First Judicial District. On October 20, 2006, he requested permission to leave early due to a medical condition. Although he had a balance of 40 sick leave days or more, Judge Hill told him that if he left work he would be terminated. Banks, a veteran, went to the Veterans Administration Hospital for treatment anyway and was terminated that day. Banks further asserted that a pregnant law clerk had been treated more favorably in that she had been allowed to work from home, and that two white male court officers left work before the end of their shifts on a number of occasions.

Banks was issued a right-to-sue letter, and he then filed his first pro se federal unlawful discrimination civil action in 2008 in the United States District Court for the Eastern District of Pennsylvania, see D.C. Civ. No. 08-cv-03132. Banks appeared to allege only that his termination violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. The District Court dismissed the complaint and Banks appealed to this Court. On August 17, 2009, we affirmed, see Banks v. Court of Common Pleas FJD, 342 Fed. Appx. 818 (3d Cir. 2009), holding that the Court of Common Pleas, as an instrumentality of the Commonwealth of Pennsylvania, was entitled to Eleventh Amendment immunity

2

from a suit arising out of its alleged failure to comply with the requirements of the ADA and the FMLA.

Banks then filed a pro se civil action in state court based on the same events. The complaint was dismissed and Banks' appeal to the Pennsylvania Commonwealth Court was unsuccessful.

On September 21, 2012, Banks filed a second EEOC charge, in which he again claimed that his termination was unlawful, and explained that he should have filed his original EEOC charge under the Government Employee Rights Act ("GERA"), 42 U.S.C. § 2000e-16c.[1] The EEOC dismissed the charge as untimely filed on January 22, 2013. Banks filed a response to the dismissal with the EEOC, and then he returned to federal court on April 10, 2013 with the instant pro se civil action, alleging that his termination violated GERA's anti-discrimination provisions. The defendant Court of Common Pleas, First Judicial District, filed a motion to dismiss the complaint for lack of subject matter jurisdiction, contending that judicial review of the EEOC's decision dismissing the GERA charge lies exclusively in the court of appeals. In an order entered on May 22, 2013, the District Court, agreeing with the Court of Common Pleas, dismissed Banks' second federal action for lack of subject matter jurisdiction.

---

[1] GERA provides that all personnel actions affecting state employees shall be free of any discrimination based on race, religion, sex, national origin, age, and disability. See id. In enacting GERA, Congress made the standards of the federal anti-discrimination laws applicable to state employees who are appointed to the personal staffs of elected state officials. See Stitz v. City of Eureka Springs, Ark., 9 F. Supp.2d 1046, 1055 (W.D. Ark. 1998).

3

Banks appeals. We have jurisdiction under 28 U.S.C. § 1291. "When reviewing an order dismissing a claim for lack of subject matter jurisdiction, we exercise plenary review over legal conclusions and review findings of fact for clear error." White-Squire v. United States Postal Service, 592 F.3d 453, 456 (3d Cir. 2010). Here, it is undisputed that Judge Hill is an elected state official, see 42 Pa. Cons. Stat. Ann. § 3131(a). Accordingly, Banks appropriately, if tardily, filed his Charge of Discrimination pursuant to GERA, see 42 U.S.C. § 2000e-16c.

The question presented by this appeal concerns Banks' avenue for judicial review of the EEOC's decision dismissing his September 21, 2012 GERA charge. GERA provides that "[a]ny party aggrieved by a final order" of the Equal Employment Opportunity Commission "may obtain a review of such order under chapter 158 of Title 28," or, in other words, review of this agency's GERA orders lies exclusively in a court of appeals. 42 U.S.C. § 2000e-16c(c). See also Kelley v. City of Albuquerque, 542 F.3d 802, 808 n.4 (10th Cir. 2008) (same); Crain v. Butler, 419 F. Supp.2d 785, 788 (E.D.N.C. 2005) (same). This provision that the courts of appeals have exclusive jurisdiction to review EEOC orders in GERA cases is a "dramatic departure" from the other anti-discrimination laws, which, like the ADA, provide for de novo review in a federal district court, cf. Kelley, 542 F.3d at 808 n.4 (addressing Title VII). Accordingly, the District Court properly dismissed Banks' second civil action based on a GERA claim for lack of subject matter jurisdiction.[2]

---

[2] Although Banks did not file an appeal of the EEOC's decision in this Court within the required 60 days, see, e.g., Brazoria County, Tex. v. E.E.O.C., 391 F.3d 685, 688 (5th

4

For the foregoing reasons, we will affirm the order of the District Court dismissing the

Banks' complaint for lack of subject matter jurisdiction.

Cir. 2004) ("Under chapter 158, there is a 60 – day period to file a petition for review of an agency order."), it appears that the EEOC's untimeliness determination was nonetheless correct in that his September 21, 2012 GERA charge of discrimination was not filed within 180 days from the date of his termination on October 20, 2006, see 42 U.S.C. § 2000e-16c(b)(1).