# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1828
_____

Anthony C. Kenney

*Plaintiff - Appellant*

v.

Prime Recruitors Trucking Co.; Robert Low, Director; Silvia Setlif, Recruitor;
Benjamin Wick, Director of Training

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: August 3, 2015
Filed: August 6, 2015
[Unpublished]
_____

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Anthony Kenney moved for leave to proceed in forma pauperis (IFP) on an employment-discrimination action under Title VII of the Civil Rights Act. The District Court denied Kenney leave to proceed IFP, even though the court found that he was financially eligible, because he failed to state a non-frivolous claim. Kenney

challenges this immediately appealable order, see Roberts v. U.S. Dist. Ct. for the N. Dist. of Cal., 339 U.S. 844, 845 (1950) (per curiam), which we review for an abuse of discretion, see Nerness v. Johnson, 401 F.3d 874, 875 (8th Cir. 2005) (per curiam). We grant Kenney leave to proceed IFP on appeal.

The plain language of 28 U.S.C. § 1915(a) allows a district court to authorize the filing of a complaint without prepayment of fees when the prospective filer submits an affidavit of poverty. "[W]here the requirements of 28 U.S.C. § 1915(a) are satisfied on the face of the documents and pleadings submitted, the better practice is for a district court to allow the action to be docketed without prepayment of costs and thereafter to dismiss it, if dismissal is appropriate, even though it may have been judicially determined earlier that the complaint did not state a claim upon which relief could be granted." Forester v. Cal. Adult Auth., 510 F.2d 58, 60 (8th Cir. 1975).

The District Court in this case did not follow this procedure. Instead, the court denied leave to proceed IFP on the Title VII claim because Kenney had not yet submitted a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). But "failure to exhaust administrative remedies is an affirmative defense that a defendant must prove." Miles v. Bellfontaine Habilitation Ctr., 481 F.3d 1106, 1107 (8th Cir. 2007) (per curiam). On appeal, Kenney has provided a copy of a right-to-sue letter from the EEOC that pre-dates the complaint, demonstrating that he has exhausted his administrative remedies for the Title VII claim.

Accordingly, we reverse the denial of leave to proceed IFP and remand to the District Court.

_____